| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT COURT |
| | )SS: | CROWN POINT, INDIANA |
| COUNTY OF LAKE | ) | CAUSE NO. 45C01-1904-CT-000411 |

THOMAS SEBOCK, Individually and as Parent of ▓▓▓▓▓▓▓▓, a Minor,

      *Plaintiffs,*

vs.

SHELDON PHILLIPS, THE TRUCK TRANSPORTER, INC. and VANDERHAAGS, INC.

      *Defendant.*

## DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant, VANDERHAAGS, INC., by counsel, and for its Answer and Affirmative Defenses to Plaintiff's complaint, states as follows:

1. Defendant, VANDERHAAGS, INC., is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint and demands strict proof thereof.

2. Defendant, VANDERHAAGS, INC., admits the allegations of paragraph 2 as it relates to VANDERHAAGS, INC. only. The remaining allegations are directed to the TRUCK TRANSPORTER, INC.

3. Defendant, VANDERHAAGS, INC., is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint and demands strict proof thereof.

4. Defendant, VANDERHAAGS, INC., is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint and demands strict proof thereof.

Exhibit C

5. Defendant, VANDERHAAGS, INC., is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint and demands strict proof thereof.

6. Paragraph 6 is directed to Defendant, SHELDON PHILLIPS, and not to Defendant, VANDERHAAGS, INC., therefore no answer is made hereto. To the extent that any of the allegations of paragraph 6 are directed to VANDERHAAGS, INC., they are denied.

7. Paragraph 7 is directed to Defendant, SHELDON PHILLIPS, and not to Defendant, VANDERHAAGS, INC., therefore no answer is made hereto. To the extent that any of the allegations of paragraph 7, including subparagraphs a – n, are directed to VANDERHAAGS, INC., they are denied.

8. Paragraph 8 is directed to Defendant, SHELDON PHILLIPS, and not to Defendant, VANDERHAAGS, INC., therefore no answer is made hereto. To the extent that any of the allegations of paragraph 8 are directed to VANDERHAAGS, INC., they are denied.

9. Paragraph 9 is directed to Defendant, SHELDON PHILLIPS, and not to Defendant, VANDERHAAGS, INC., therefore no answer is made hereto. To the extent that any of the allegations of paragraph 9 are directed to VANDERHAAGS, INC., they are denied.

10. Defendant, VANDERHAAGS, INC., admits the allegations of paragraph 10 as it relates to VANDERHAAGS, INC. only. The remaining allegations are directed to the TRUCK TRANSPORTER, INC.

11. Defendant, VANDERHAAGS, INC., denies that Defendant, SHELDON PHILLIPS, was an employee of Defendant, VANDERHAAGS, INC.

12. Defendant, VANDERHAAGS, INC., denies that Defendant, SHELDON PHILLIPS, was an employee of Defendant, VANDERHAAGS, INC., and further denies the remaining allegations of paragraph 12.

13. Defendant, VANDERHAAGS, INC., denies that Defendant, SHELDON PHILLIPS, was an employee of Defendant, VANDERHAAGS, INC., and further denies the remaining allegations of paragraph 13.

14. Defendant, VANDERHAAGS, INC., admits only to those duties imposed upon it by Indiana Law and denies any violation of said duties.

15. Defendant, VANDERHAAGS, INC., denies the allegations of paragraph 15.

16. Defendant, VANDERHAAGS, INC., denies the allegations of paragraph 16.

WHEREFORE, Defendant, VANDERHAAGS, INC., by counsel, requests that Plaintiffs take nothing by way of their Complaint, that costs be awarded to Defendant and the Court order all other proper relief.

## AFFIRMATIVE AND OTHER DEFENSES

In further defense against the Complaint, Defendant, VANDERHAAGS, INC., by counsel, allege the following affirmative and other defenses:

1. If Defendant has failed to respond to any of the allegations in the Complaint, Defendant specifically denies them at this time.

2. Defendant denies "liability" and further disputes every allegation and inference of supposed "fault" or other purported wrongful conduct or inaction.

3. Plaintiffs' claims are barred or diminished to the extent that Plaintiff's acts or omissions are subject to the provisions of the Indiana Comparative Fault Act.

4. Plaintiffs may have failed to mitigate the alleged damages.

5. Plaintiffs alleged damages [may be/are] solely the result of the acts or omissions of persons or entities other than this Defendant, including, but not limited to: the Plaintiff; the co-defendants; and any responsible non-parties whose names are not known at this time but may be ascertained through the process of discovery. Under the provisions of Ind. Code § 34-51-2-16, Defendant reserves reasonable opportunity to: (1) discover the existence of non-party defenses as alleged here; (2) add non-parties at Defendant's option; (3) withdraw any non-party defenses as discovery continues; and/or (4) request the court to instruct the jury on any or none of the identified non-parties.

6. Defendant is entitled to set off, against any judgment entered in favor of Plaintiff, in the amount of collateral source payments received by Plaintiff following the incident which is the subject of Plaintiff's Complaint pursuant to the legal and equitable principles of payment, satisfaction, accord and satisfaction, write-down, set-off and other related rules barring windfalls and double recovery. Furthermore, the defendant reserves the right to introduce into evidence proof of collateral source payments received by or on behalf of Plaintiff, pursuant to Ind. Code § 34-44-1-1 et seq., in the event it is subsequently determined that such payments were made and are an appropriate matter for consideration by the jury.

7. Some or all of Plaintiff's medical expenses may have been reduced by write-offs, set-offs, and/or adjustments in accordance with Indiana case, *Stanley v. Walker* or any other applicable law. In the event it is subsequently determined that Plaintiff's medical expenses were reduced by write-offs, set-offs, and/or adjustments, these amounts are appropriate matters for consideration by the jury.

8. Plaintiffs alleged damages may have been pre-existing or caused by another accident, incident, or event. Defendant expressly disputes the nature and extent of Plaintiff's

alleged damages and disputes whether those damages are/were causally related to the occurrence at issue in this litigation.

9. The Complaint may fail to state a claim upon which relief can be granted.

10. Plaintiffs' claims may be barred by one or more Federal or state statutes.

11. Plaintiffs' claims may be barred by one or more of the Indiana Rules of Trial Procedure.

12. The Complaint may fail to join a necessary party to this action. This court has no jurisdiction to adjudicate this action with the absence of a necessary party.

13. Defendant pleads as affirmative defenses, all affirmative defenses of Rule 8(C) and Rule 12(B) of the Indiana Rules of Trial Procedure as if fully restated herein, subject to further investigation and discovery.

WHEREFORE, Defendant, VANDERHAAGS, INC., by counsel, requests that Plaintiff take nothing by way of their Complaint, that costs be awarded to Defendant and the Court order all other proper relief.

### JURY DEMAND

Defendant, by counsel, pursuant to Ind. Trial Rule 38, demands this cause be tried by a jury.

Respectfully submitted,

*[signature]*

Louis S. Glaza, #34975-45
Attorney for Defendant,
VANDERHAAGS, INC.

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath, deposes and states that he served the above and foregoing document described above by Circuit Court E-Filing and/or depositing in the United States Mail at 135 S. LaSalle Street, Chicago, Illinois, on the 20th day of May 2019, a true and correct copy thereof in a sealed envelope, first class, postage prepaid, addressed as follows:

Brock P. Alvarado, Esq.  
Walter J. Alvarez, PC  
1524 West 96th Avenue  
Crown Point, Indiana 46307  

Trevor W. Wells, Esq.  
Danny Merril Newman, Jr. Esq.  
Reminger Co., LPA  
One Professional Center, Suite 202  
2100 North Main Street  
Crown Point, Indiana 46307  

_____  
Louis S. Glaza, #34975-45

Nationwide Mutual Insurance Company Trial Division,  
Attorneys Exclusively Employed by  
Nationwide Mutual Insurance Company  
135 South LaSalle Street, Suite 2950  
Chicago, Illinois 60603  
Telephone:   312/917-5272 (direct)  
Telephone:   312/263-0093 (main)  
Facsimile:   855/560-1630  
Email:       glazal1@nationwide.com

Exhibit C